Filed 9/29/21  In re C.B. CA3

NOT <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| In re C.B. et al., Persons Coming Under the Juvenile Court Law. | C092938 |
| CALAVERAS COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.B. et al.,<br><br>Defendants and Appellants. | (Super. Ct. Nos. 19JD6154, 19JD6153) |

Appellants C.B. (mother) and M.B. (father) appeal from the juvenile court's orders terminating parental rights and freeing the minors for adoption.[1]  (Welf. & Inst. Code, §§ 366.26, 395.)[2]  They contend the juvenile court erred in finding inapplicable the beneficial parental relationship exception and/or the sibling exception to adoption.

---

[1] Mother's notice of appeal included only minor C.B.  However, because father's notice of appeal includes both minors and parents raise the same issues, mother's failure to file a notice of appeal as to minor F.B. does not affect our disposition.

[2] Undesignated statutory references are to the Welfare and Institutions Code.

1

During the pendency of this appeal, the California Supreme Court issued its decision in *In re Caden C.* (2021) 11 Cal.5th 614 (*Caden C.*), clarifying the process and standards for determining whether parents have established the beneficial parental relationship exception to adoption. Because the juvenile court did not have the benefit of the guidance in *Caden C.* when it issued its rulings and the record does not establish compliance with that guidance, we will reverse the order terminating parental rights and remand for reconsideration.

BACKGROUND

In February 2019, Calaveras County Health and Human Services Agency (the Agency) filed a section 300 petition on behalf of minors C.B. (then age 22 months) and F.B. (then age seven months) based on domestic violence involving the parents, mother's mental health issues, father's substance abuse, and the unsanitary conditions of the home. The juvenile court took jurisdiction, declared the minors dependent children of the court, removed them from parental custody and provided reunification services.[3] Parents were provided twice weekly visitation with the minors.

The minors were returned to parental custody with family maintenance services in August 2019, but removed again after a protective custody warrant was issued in October 2019. The minors were placed in the same concurrent foster-adopt home in which they had been previously placed. Parents were again provided twice weekly visitation with the minors. Parents failed to reunify, and services were terminated in May 2020. Visitation was reduced to one hour per week.

The contested section 366.26 hearing took place on October 7, 2020. Evidence was presented that parents regularly attended visits, the minors are always happy to see

---

[3] The section 300 petition was also filed on behalf of the minors' older half-sibling (then age three years) who was removed from the home and ultimately placed with her father. This appeal does not encompass orders relating to the minors' half-sibling.

them, and parents are appropriate and respond to the minors' emotions and needs during visits. The evidence also showed that the minors were bonded to parents and their half-sibling, and sometimes had difficulty ending visits. The minors' primary parental bond, however, was to their foster-adoptive mother.

The juvenile court found the minors were likely to be adopted and that neither the beneficial parental relationship exception nor the sibling relationship exception to adoption applied. The juvenile court terminated parental rights.

DISCUSSION

I

Parents contend the juvenile court erred in failing to find the beneficial parental relationship exception to adoption applied based on their relationship with the minors.

At the selection and implementation hearing held pursuant to section 366.26, a juvenile court must choose one of the several " 'possible alternative permanent plans for a minor child. . . . The permanent plan preferred by the Legislature is adoption. [Citation.]' [Citation.] If the court finds the child is adoptable, it must terminate parental rights absent circumstances under which it would be detrimental to the child. [Citation.]" (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1368, italics omitted.) There are limited circumstances permitting the court to find a "compelling reason for determining that termination [of parental rights] would be detrimental to the child." (§ 366.26, subd. (c)(1)(B).) Such circumstances include when the parents have maintained regular visitation and contact with the child, the child would benefit from continuing the relationship, and termination of parental rights would be detrimental to the child. (§ 366.26, subd. (c)(1)(B)(1) [beneficial parental relationship exception]; *Caden C.*, *supra*, 11 Cal.5th at pp. 639-640.)

To prove that the beneficial parental relationship exception applies, the parent must show there is a significant, positive emotional attachment between the parent and child. (*In re Beatrice M.* (1994) 29 Cal.App.4th 1411, 1418-1419.) The parent must also

prove that the parental relationship " 'promotes the well-being of the child to such a degree as to outweigh the well-being the child would gain in a permanent home with new, adoptive parents.' " (*In re S.B.* (2008) 164 Cal.App.4th 289, 297, quoting *In re Autumn H.* (1994) 27 Cal.App.4th 567, 575 (*Autumn H.*).) "In other words, the court balances the strength and quality of the natural parent/child relationship in a tenuous placement against the security and the sense of belonging a new family would confer. If severing the natural parent/child relationship would deprive the child of a substantial, positive emotional attachment such that the child would be greatly harmed, the preference for adoption is overcome and the natural parent's rights are not terminated." (*Autumn H.*, at p. 575.) On the other hand, when the benefits of a stable, adoptive, permanent home outweigh the harm the child would experience from the loss of a continued parent/child relationship, the court should order adoption. (*Caden C., supra*, 11 Cal.5th at pp. 633-634; *Autumn H.,* at p. 575.)

The beneficial parental relationship exception to adoption is an exception to the general rule that the court must choose adoption where possible, and it " 'must be considered in view of the legislative preference for adoption when reunification efforts have failed.' " (*In re Celine R.* (2003) 31 Cal.4th 45, 53.) It "must be examined on a case-by-case basis, taking into account the many variables which affect a parent/child bond. The age of the child, the portion of the child's life spent in the parent's custody, the 'positive' or 'negative' effect of interaction between parent and child, and the child's particular needs are some of the variables which logically affect a parent/child bond." (*Autumn H.*, *supra*, 27 Cal.App.4th at pp. 575-576.) The party claiming the exception has the burden of establishing the existence of any circumstances that constitute an exception to termination of parental rights. *(In re C.F.* (2011) 193 Cal.App.4th 549, 553.) The factual predicate of the exception must be supported by substantial evidence, but the juvenile court exercises its discretion in weighing that evidence and determining detriment. (*Caden C.*, *supra*, 11 Cal.5th at pp. 639-640; *In re K.P.* (2012)

203 Cal.App.4th 614, 622.)  We do not substitute our judgment for that of the juvenile court in determining the child's best interests.  (*Caden C.*, at p. 641.)

In this case, in finding the beneficial parental relationship exception does not apply, the juvenile court appropriately considered the age of the minors, the proportional amount of time they have spent in parental and foster care, and their relationship with their parental figures.  But the juvenile court also appears to have considered, at least to some extent, the failure of the parents to complete their case plans and their struggle with the circumstances that gave rise to the dependency.

During the course of the hearing, the juvenile court admitted (over a relevance objection) evidence of a relatively recent domestic violence incident between the parents, stating that ongoing domestic violence would be relevant to whether severance is beneficial or not.  The juvenile court said there was a parental relationship but also evidence that ongoing issues -- domestic violence, substance use, and mental health issues -- had not been addressed.  The juvenile court concluded the beneficial parental relationship exception does not apply.

When it made its section 366.26 findings and orders, the juvenile court did not have the benefit of the recent decision in *Caden C.*  That case explains that a parent's continued struggles with the issues leading to dependency are not a categorical bar to applying the beneficial parental relationship exception.  (*Caden C., supra*, 11 Cal.5th at p. 637.)  That would "effectively write the exception out of the statute."  (*Ibid*.)  A section 366.26 hearing "all but presupposes that the parent has not been successful in maintaining the reunification plan meant to address the problems leading to dependency."  (*Ibid*.)  "Parents need not show that they are 'actively involved in maintaining their sobriety or complying substantially with their case plan' [citation] to establish the exception."  (*Ibid.*)

Nevertheless, the issues that led to the dependency may be relevant to the application of the exception, such as where there is a negative effect on the child.

(*Caden C., supra*, 11 Cal.5th at p. 637.)  But they are relevant only to the extent they inform whether the child would benefit from continuing the parental relationship and be harmed by losing it.  (*Id.* at 638.)  Whether a parent is ready for a return of custody is not by itself relevant.  (*Ibid.*)

In this case, the juvenile court referenced the parents' ongoing issues, but it is not clear the extent to which the juvenile court considered whether the child would benefit from continuing the parental relationship and be harmed by losing it.  (*Caden C., supra*, 11 Cal.5th at p. 638.)  We will remand the matter to permit the juvenile court to make findings consistent with the guidance in *Caden C.*

In light of our decision to remand the matter, we do not address the remaining contentions asserted by parents.

## DISPOSITION

The orders terminating parental rights are reversed.  The matter is remanded for the juvenile court to conduct a new section 366.26 hearing and consider the beneficial parental relationship exception to adoption in a manner consistent with *In re Caden C.* (2021) 11 Cal.5th 614 and this opinion, and taking into consideration the family's current circumstances and any developments in the dependency proceeding that may have occurred during the pendency of this appeal.

/S/
MAURO, Acting P. J.

We concur:

/S/
HOCH, J.

/S/
RENNER, J.

6